UNITED STATES of America, Plaintiff–Appellee,

v.

Kevin SHED, Defendant–Appellant.

No. 04–10772.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 20, 2005.

Charles William Brown, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Jeffrey A. Kearney, William Reagan Wynn, Kearney Law Firm, Fort Worth, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

■ Kevin Shed appeals his guilty-plea convictions and sentence for conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base and conspiracy to commit laundering of monetary proceeds. Shed first argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. "[A] district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a 'fair and just reason.' " *United States v. Powell*, 354 F.3d 362, 370 (5th Cir.2003). A review of the seven relevant factors reveals that the district court did not abuse its discretion by denying Shed's motion to withdraw his guilty plea. *See United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984).

Citing *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Shed argues that the district court erred by calculating his offense level and criminal history on the basis of facts not admitted by him or found beyond a reasonable doubt. After briefing was completed, the Supreme Court held in *United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker* also struck down 18 U.S.C. § 3553(b)(1) and thus rendered the Guidelines advisory only. *Id.* at 764–65.

■ The district court enhanced Shed's sentence based on several factual findings not admitted by Shed, and Shed objected to these enhancements on *Blakely* grounds. Shed's sentence of life imprisonment thus exceeded the maximum sentence that could have been imposed based solely on his plea and constituted a Sixth Amendment violation under *Booker*. *See Booker*, 125 S.Ct. at 769. When, as here, the defendant has preserved his error, we will ordinarily vacate the sentence and remand, unless we can say that the error is harmless under FED.R.CRIM.P. 52(a). *See United States v. Akpan*, 407 F.3d 360, 374–75 (5th Cir.2005). Under this standard, the Government bears the burden of demonstrating beyond a reasonable doubt that the constitutional error did not contribute to the defendant's sentence. *Id.* at 377. Were we to review Shed's sentence for harmless error, we would find that the error here was harmful; we cannot say beyond a reasonable doubt that the mandatory nature of the Sentencing Guidelines at the time of Shed's sentence did not contribute to the sentence that he received. *See id.* Accordingly, Shed's sen-

tence must be vacated and remanded for resentencing.

VACATED AND REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.