**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 12, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 04-10710**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**QUINCY LEVINE**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-316-5-A

Before KING, Chief Judge, DAVIS, Circuit Judge, and ROSENTHAL, District Judge.[1]

PER CURIAM:[2]

Quincy Levine appeals his conviction and sentence for cocaine distribution. Levine argues that the district court erred by refusing to allow him to withdraw his guilty plea and by denying him a reduction under the sentencing guidelines for acceptance of responsibility. Levine claims that he pleaded guilty while represented by counsel who had a conflict of

---

[1] District Judge for the Southern District of Texas, sitting by designation.

[2] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

interest arising from prior representation of a codefendant. Levine asserts that when he raised this conflict, the court not only refused to grant the motion to withdraw the plea, but also punished him by withholding the offense level reduction for acceptance of responsibility.

We find no actual conflict of interest or other basis to reverse the district court's decision to deny Levine's motion to withdraw the guilty plea. We further find that the district court did not err in sentencing Levine. The reasons are explained below.

## I. Factual and Procedural Background

A grand jury in the Northern District of Texas indicted Levine and seven others on December 17, 2003, charging Levine with one count of conspiracy to possess a controlled substance with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846 (count one), and one count of aiding and abetting the possession of a controlled substance with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 (count three). On December 19, 2003, attorney Ronald Couch was appointed to represent Levine. On February 9, 2004, attorney Shaun House entered an appearance as Levine's retained counsel, and the court granted House's motion to substitute. On February 27, 2004, Levine pleaded guilty to count three of the indictment,

2

which charged possession with the intent to distribute and aiding and abetting.

On May 7, 2004, after the presentence report issued, Levine filed a pro se "Motion to Excuse Retained Council." He argued, among other things, that his (unnamed) counsel had a conflict of interest because he had previously represented a codefendant, Kevin Shed.[3] In a later filing, Levine alleged that his wife had actually hired another attorney, Douglas Greene, to represent him. Levine asserted that Greene told his wife that House, who shared an office with Greene, would be designated as Levine's attorney, because Greene had formerly represented Shed and the judge would likely view this as a conflict. Greene assured Levine's wife that he would nonetheless continue to work on the case.

The district court held a hearing on June 2, 2004 at which Levine, his wife, and House testified. The court discharged both Greene and House, finding that Greene had been Levine's attorney "behind the scenes" and that House had served as the "front man." The district court was appropriately critical of

---

[3]     Shed also appealed, arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea based in part on his counsel's conflict of interest. This court recently affirmed the district court's refusal to set aside Shed's guilty plea. United States v. Shed, 2005 WL 1427391, at *1 (5th Cir. June 20, 2005).

3

both Greene and House.  The court, however, carefully stated that it had

> made no determination whatsoever that this defendant's rights have been adversely affected by the fact that Mr. Greene has been involved in the defendant's legal representation behind the scenes. . . . I'm not making any determination that that in any way has caused you to be adversely affected.  So don't think that this is going to lead necessarily to another result such as setting aside the plea agreement — or the plea of guilty, because I have not made any findings that would cause me to think that the plea of guilty should be set aside or that there is anything inappropriate about the plea agreement.[4]

The court again appointed attorney Couch to represent Levine.  Couch filed a motion to withdraw Levine's guilty plea on June 9, 2004.  In a hearing on the motion held on June 10, 2004, the court denied the motion after analyzing each of the seven factors set out in United States v. Carr.[5]  The court then proceeded to sentencing.

Although the initial presentence report had recommended a three-point reduction in offense level for acceptance of responsibility, the probation officer had subsequently withdrawn that recommendation, finding that Levine had frivolously minimized his role in the conspiracy.  The district

---

[4]     United States v. Levine, No. 04-10710, Hearing Transcript ("Tr.") Vol. 2, pp. 81–82.

[5]     740 F.2d 339, 343–44 (5th Cir. 1984).

court agreed to the denial of the reduction for acceptance, but based that decision on Levine's testimony in the June 10 hearing in support of his motion to withdraw his guilty plea. Levine received a 360-month sentence, in part reflecting career offender status.

Levine appeals the district court's denial of his motion to withdraw his guilty plea and the refusal to reduce the offense level for acceptance of responsibility.

## II.  The Claim of a Conflict of Interest

Levine argues that the court abused its discretion in denying his motion to withdraw the guilty plea he entered while his attorneys labored under a conflict of interest.  To prevail on his claim, Levine must show that his attorneys had a conflict of interest that adversely affected their performance.[6]

Courts analyzing allegations of conflicted counsel typically ask two questions: "(1) whether there was an <u>actual</u> conflict of interest, as opposed to a merely potential or hypothetical conflict, and (2) whether the actual conflict adversely affected counsel's representation."[7]  If a conflict does not adversely affect counsel's performance, no "actual

---

[6]    <u>See Cuyler v. Sullivan</u>, 446 U.S. 335, 349–50, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980); <u>United States v. Infante</u>, 404 F.3d 376, 392 (5th Cir. 2005).

[7]    <u>Infante</u>, 404 F.3d at 391 (emphasis in original).

conflict" exists. "An 'actual conflict' exists when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client."[8] If a defendant "establishes an actual conflict that adversely affected counsel's performance, prejudice is presumed without any further inquiry into the effect of the actual conflict on the outcome of the defendant's trial."[9]

Levine has not shown an actual conflict of interest. Levine has not identified how Greene's prior representation of Shed adversely affected Greene's or House's representation of Levine. Specifically, Levine has not identified any "plausible alternative defense strategy that could have been pursued, but was not, because of the actual conflict."[10] To the contrary, at oral argument, counsel for Levine acknowledged that the defense strategy Levine had followed — early and extensive cooperation followed by a guilty plea — would have been the same had Levine retained conflict-free counsel from the outset.

---

[8] Perillo v. Johnson, 205 F.3d 775, 781 (5th Cir. 2000), citing Strickland v. Washington, 466 U.S. 668, 692, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984).

[9] Perillo, 205 F.3d at 781–82.

[10] Infante, 404 F.3d at 393, citing Perillo, 205 F.3d at 807.

6

Without a specific showing of an adverse effect, no actual conflict exists. In the absence of an actual conflict, and because the district court properly considered the Carr factors, we reject this ground for appeal.

### III. Acceptance of Responsibility

Levine also appeals the district court's denial of a reduction in the offense level for timely acceptance of responsibility in determining the guideline sentence. We review the district court's decision to reduce the sentence for acceptance of responsibility "with even more deference than is due under a clearly erroneous standard because the sentencing judge is in a unique position to assess the defendant's acceptance of responsibility and true remorse."[11]

Levine asserts, without argument or support, that the district court denied the reduction as punishment for bringing his counsels' conflict to the court's attention. Levine's argument does not take into account or explain the testimony he gave that led the district court to withhold the adjustment for acceptance of responsibility.[12] Given the level of

---

[11] United States v. Angeles-Mendoza, 407 F.3d 742, 753 (5th Cir. 2005); United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002).

[12] The district court stated during the sentencing hearing:

> I'm convinced the defendant hasn't accepted responsibility from the testimony he gave from the witness stand today. So I'm denying acceptance of responsibility, but I'm doing it because of the defendant's testimony today

7

deference this court affords to a district court's determination of whether a defendant should be credited for accepting responsibility, we conclude that the court's sentencing decision provides no basis for reversal.

## IV.  Conclusion

The conviction and sentence are affirmed.

---

that he's denying that he's guilty after he clearly has previously admitted that he's guilty.

Tr. Vol. 3, p. 50.